# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 10, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | |
| MELISSA FISK, | * | |
| | * | |
| Petitioner, | * | No. 24-518V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | |
| | * | Ruling on Entitlement; Tdap; |
| | * | Abscess/Cellulitis. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | * | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
Ryan Pyles, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On April 4, 2024, Melissa Fisk ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that after receipt of a Boostrix vaccination (tetanus-diphtheria-acellular pertussis (Tdap)) on July 20, 2022, she developed redness, swelling, tenderness, and a lump at the injection site which was thereafter diagnosed as an abscess/cellulitis. Petition at Preamble (ECF No. 1).

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On September 9, 2024, Respondent filed a report pursuant to Vaccine Rule 4(c) in which he "recommend[ed] that compensation be awarded."  Respondent's Report ("Resp. Rept.") at 1 (ECF No. 16).  Based on a review of the medical records, Respondent found that Petitioner has not alleged a Table injury, "[P]etitioner has not articulated a specific Table injury, nor does the record support a Table injury." Id. at 5.  Notwithstanding, Respondent concluded "that preponderant evidence on the current record supports that [P]etitioner's abscess/cellulitis was more likely than not caused in fact by the Tdap vaccination she received on July 20, 2022." Id.  Respondent found "Petitioner moreover 'suffered the residual effects or complications' of a vaccine-related injury for more than six months after the administration of the vaccine. Id. (quoting 42 U.S.C. § 300aa-11(c)(1)(D)(i)).

Respondent notes that the "scope of damages is limited to [P]etitioner's abscess/cellulitis and related treatment." Id. at 5.  The undersigned agrees.

A special master may determine whether a petitioner is entitled to compensation based upon the record as a hearing is not required.  § 13; Vaccine Rule 8(d).  In light of Respondent's recommendation and a review of the record, the undersigned finds that Petitioner is entitled to compensation.  This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master
