# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 16, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| MELISSA FISK, | * | |
| | * | |
| Petitioner, | * | No. 24-518V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Tetanus-Diphtheria- |
| AND HUMAN SERVICES, | * | Acellular Pertussis ("Tdap") Vaccine; |
| | * | Abscess/Cellulitis. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

Jeffery S. Pop, Jeffery S. Pop & Associates, Beverly Hills, CA, for Petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On April 4, 2024, Melissa Fisk ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on July 20, 2022, she suffered from an abscess/cellulitis. Petition at Preamble (ECF No. 1). On September 9, 2024, Respondent filed his Rule 4(c) report recommending that compensation be awarded. Respondent's Report, filed Sept. 9, 2024 (ECF No. 16) at 1. On September 10, 2024, the undersigned issued a ruling finding Petitioner entitled to compensation. Ruling on Entitlement dated Sept. 10, 2024 (ECF No. 17).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On December 13, 2024, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. Proffer at 1. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) A lump sum payment of $105,934.02, representing compensation for actual and projected pain and suffering ($100,000.00) and past unreimbursed expenses ($5,934.02), in the form of a check payable to Petitioner.**

Proffer at 1. This amount represents all elements of compensation to which petitioner is entitled under § 15(a). Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MELISSA FISK,<br><br>            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | No. 24-518V<br>Special Master Nora Beth Dorsey<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 4, 2024, Melissa Fisk (petitioner) filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, alleging that she received a Boostrix vaccination (tetanus-diphtheria-acellular pertussis) on July 20, 2022, and thereafter suffered from an abscess/cellulitis. *See* Petition ¶¶ 6, 49. On September 9, 2024, the Secretary of Health and Human Services (respondent) filed his Rule 4(c) Report recommending that compensation be awarded. ECF No. 16. On September 10, 2024, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 17. Respondent now proffers the following compensation:

> A lump sum of **$105,934.02** in the form of a check payable to petitioner. This amount represents compensation for all damages available under 42 U.S.C. § 300aa-15(a).[1]

Petitioner agrees with the foregoing proffered award.[2] Petitioner is a competent adult.

Evidence of guardianship is not required in this case.

---

[1] This amount represents an award of $100,000.00 for actual and projected pain and suffering at net present value, and $5,934.02 for past unreimbursed expenses. This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-9847
ryan.pyles@usdoj.gov

DATED: December 13, 2024

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings, future expenses, and future pain and suffering.